# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

JAMIE YOUNG,

                      Plaintiff,

    vs.                                                  9:14-CV-1091
                                                              (MAD/ATB)

DARWIN LACLAIR, et al.,

                      Defendants.

JAMIE YOUNG, Plaintiff pro se
NICOLE HAIMSON, Asst. Attorney General for Defendants

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

      This matter has been referred to me for Report and Recommendation by the Honorable Mae A. D'Agostino, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c). Presently before this court is the defendants' motion to dismiss for lack of prosecution and/or for sanctions pursuant to Fed. R. Civ. P. 37(b) & 41(b). (Dkt. No. 24). Plaintiff has not responded in opposition to the motion. For the following reasons, this court agrees with defendants and will recommend dismissal of the complaint if plaintiff fails to file meritorious objections to this Recommendation as discussed below.

**I.**    <u>**Procedural History**</u>

      Plaintiff filed this action on September 4, 2014. (Dkt. No. 1). After administrative closure of the action for failure to properly move for in forma pauperis ("IFP") status, the case was reopened on September 15, 2014. (Dkt. Nos. 4,6). Also on September 15, 2014, plaintiff filed a change of address with the court, noting that his new address was effective September 11, 2014. (Dkt. No. 5).

On October 15, 2014, the case was reopened by Text Order. (Dkt. No. 6). On October 16, 2014, Judge D'Agostino issued an order, noting that plaintiff had been released from incarceration to parole supervision on September 5, 2014. (Dkt. No. 7 at 2 & n.1). Judge D'Agostino also stated that, although the action was reopened based on plaintiff's change of address, plaintiff had neither paid the statutory filing fee, nor submitted a proper IFP application. (*Id.* at 2). Plaintiff was afforded another opportunity to submit the appropriate IFP Application or pay the filing fee in full. (*Id.* at 2-3). Plaintiff filed the appropriate IFP form and a motion for appointment of counsel on October 29, 2014. (Dkt. No. 8).

On February 17, 2015, Judge D'Agostino granted plaintiff's IFP application and conducted an initial screening of the complaint. (Dkt. No. 9). As a result, Judge D'Agostino dismissed one defendant, allowing the rest of the complaint to go forward based on plaintiff's claim that he was denied constitutionally adequate medical care. (*Id.* at 9). Judge D'Agostino ordered service "upon receipt from plaintiff of the documents required for service of process," and denied plaintiff's motion for appointment of counsel. (*Id.* at 12-14, 15).

The three remaining defendants were served, and they acknowledged service on April 9, 2015. (Dkt. Nos. 13-15). They answered the complaint on June 1, 2015, after obtaining an extension of time to do so. (Dkt. Nos. 18, 19). On June 2, 2015 the court issued a Mandatory Pretrial Discovery and Scheduling Order ("MPSO"). (Dkt. No. 20). Pursuant to the MPSO, amended pleadings were due by October 1, 2015, joinder of parties was to be completed by October 1, 2015, the discovery deadline was December 1, 2015, and dispositive motions were to be filed by February 1, 2016. (*Id.*) The MPSO also provided that the "defendant(s) are granted leave to take the deposition of

2

plaintiff(s) with notice of the date of the deposition in the form provided in Rule 30(b)(1) and such notice shall be deemed sufficient if the notice is mailed to plaintiff(s) at least fifteen (15) days prior to the scheduled date for the deposition." (Dkt. No. 20 at 4). The order further warns the plaintiff that his failure to "attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of the action pursuant to Fed. R. Civ. P. 37." However, "[o]bjections made in good faith in accordance with governing rules are not prohibited." (*Id.* at 5). The MPSO contains other important information about the discovery process and provides for mandatory disclosures by both sides to assist the parties in the conduct of discovery. (*Id.* at 1-4).

On August 3, 2015, defendants filed their "Status Report," indicating that plaintiff had been served with defendants Rule 26 Disclosure and a Notice of Deposition. (Dkt. No. 21). On December 1, 2015, defendants filed this motion for sanctions pursuant to Fed. R. Civ. P. 37, due to plaintiff's failure to attend his deposition. (Dkt. No. 24). At defendants' request, I stayed pre-trial deadlines pending resolution of the motion for sanctions. (Dkt. No. 26).

## II. Discovery Sanctions

### A. Legal Standards

Rule 37(d) of the Federal Rules of Civil Procedure provides that if an individual fails to appear at his own deposition after having received proper notice, the court may take various steps to sanction the disobedient party. Fed. R. Civ. P. 37(d)(1)(A)(i). Section 37(d) cross references Rule 37(b)(2)(A)(v), which also authorizes the court to dismiss an action for failure to comply with a discovery order. The imposition of sanctions under Rule 37 is within the discretion of the district court, and the sanction of dismissal is a harsh remedy to be used "only in extreme situations." *Bobal v. Rensselaer*

3

*Polytechnic Institute*, 916 F.2d 759, 764 (2d Cir. 1990). In order to impose such a severe sanction, the court must find willfulness, bad faith, or fault on the individual from whom discovery is sought. *Id.* The party in question, particularly a *pro se* litigant, must have had prior notice that violation of the court's order would result in dismissal with prejudice. *Simmons v. Abruzzo*, 49 F.3d 83, 88 (2d Cir. 1995).

  **B.**  **Application**

  Defendants have filed the Declaration of Assistant Attorney General ("AAG") Nicole Haimson in support of their motion to dismiss. (Dkt. No. 24-3). AAG Haimson states that on August 3, 2015, she served plaintiff with a formal Notice of Deposition at his updated mailing address. (Haimson Decl. ¶ 8 & Ex. A – Notice of Deposition and Declaration of Service). The deposition was scheduled for August 25, 2015 at the Attorney General's Office in Albany at 9:00 a.m. (*Id.*) AAG Haimson states that the Notice of Deposition was not returned to her office, marked "Return to Sender," "Unclaimed," or "Unable to Forward," and she received no other indication that plaintiff did not receive the Notice. (*Id.* ¶ 9). Thus, AAG Haimson prepared for the deposition by engaging the services of a stenographer, who appeared on August 25, 2015, ready to make a record of the deposition. (*Id.* ¶¶ 10-12).

  AAG Haimson further states that plaintiff failed to appear for the deposition. (*Id.* ¶ 13). AAG Haimson went on the record to note plaintiff's failure to appear and has filed a copy of the transcript from the "failed deposition." (*Id.* ¶ 13 & Ex. B – Transcript ("T")) (Dkt. No. 24-4). In the transcript, AAG Haimson noted the time of 10:18 a.m., more than one hour after the deposition was scheduled to begin. (T. at 4). She also stated that plaintiff was sent a notice, informing him of the scheduled date and time. (*Id.*) AAG Haimson stated that she had received no response to the deposition

4

notice and did not receive any written correspondence or telephone calls asking for an adjournment of the date. (*Id.*) She checked with the security officers in the building and went "downstairs" herself to check and see if plaintiff was lost or unsure of where he was supposed to be. (*Id.*) Finally, after noting that she was ready to proceed with the deposition, she concluded the deposition. (*Id.*)

There has been no communication from plaintiff to the court since he filed his most recent change of address on March 19, 2015. (Dkt. No. 11). The MPSO clearly states that plaintiff is required to participate in his deposition, and that sanctions for failure to do so may include dismissal of the action. The MPSO is a Court Order. Thus, he has been warned once by the court that his failure to attend his deposition may result in dismissal of the action, although he has not been specifically ordered by the court to participate in a particular deposition. The court is well-aware that dismissal is a harsh sanction that may be considered only after determining that lesser sanctions are not appropriate. *See Securities and Exchange Comm'n v. Razmilovic*, 738 F.2d 14, 24-25 (2d Cir. 2013) (quoting *Southern New England Telephone Co. v. Global NAPs, Inc.*, 624 F.3d 123, 144 (2d Cir. 2010) (dismissal for a disobedient plaintiff or default in the case of a disobedient defendant should be ordered only when the district judge has considered lesser sanctions). In addition, no sanction should be imposed without giving the disobedient party notice of the particular sanction "and an opportunity to be heard in opposition to its imposition." *Id.* (citations omitted).

The court has considered lesser sanctions. Plaintiff was ordered in the MPSO to participate in his deposition, and because plaintiff is IFP, monetary sanctions would likely be ineffective, even though plaintiff has been released from prison and could be working. Preclusion of his testimony would be tantamount to dismissal, thus,

5

preclusion is not an appropriate sanction at this time. The court also notes that this motion has given plaintiff the opportunity to respond in opposition to the sanction of dismissal, or to respond in any way to defendants' allegations, but he has failed to do so.

As AAG Haimson states, the correspondence sent to plaintiff, including the motion to dismiss have not come back "undeliverable," so the court must presume that plaintiff received the materials that defendants sent him, including the motion to dismiss, but has willfully chosen to ignore them. A response to the motion to dismiss was due by December 28, 2015, and the motion was returnable January 14, 2016. (Dkt. No. 24). Almost two months have passed since the return date of the motion, neither defense counsel, not the court has had any communication from plaintiff. It appears that plaintiff has chosen to abandon his action in addition to abandoning his deposition. Although the court could order plaintiff to submit to a rescheduled deposition, the fact that he has chosen to ignore the defendants' motion is evidence that he has no intention to proceed with the prosecution of this action. However, in fairness to the pro se plaintiff, this court will recommend that the District Judge dismiss this action pursuant to Fed. R. Civ. P. 37 ***if plaintiff fails to file meritorious objections to this Report-Recommendation within the time allotted to do so.*** If plaintiff ignores this Recommendation, then it is clear that he has no interest in pursuing this action.[1] If

---

[1] Although the defendants do not make this argument in their motion to dismiss, the court notes that if plaintiff fails to prosecute his action, the case is also subject to dismissal under Fed. R. Civ. P. 41(b) for "failure to prosecute." *See Dansby v. Albany County Correctional Facility Staff*, No. 95-CV-1525, 1996 WL 172699 (N.D.N.Y. April 10, 1996) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)) (a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the action, or comply with any order of the court). If plaintiff has moved again, but has failed to notify the court of a change in his address, that would also support a finding of failure to prosecute. *See Dumpson v. Goord*, 00-CV-6039, 2004 WL 1638183, at *3 (W.D.N.Y. July 22, 2004)

plaintiff files objections to the Recommendation, then the court may, if it deems appropriate, refer the case back to me to determine a lesser sanction under Rule 37.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the defendants' motion to dismiss (Dkt. No. 24) be **GRANTED**, and the complaint **DISMISSED WITH PREJUDICE**, unless plaintiff files meritorious objections within the time allotted below, and if plaintiff files such objections, and the District Court deems it appropriate, it is

**RECOMMENDED**, that the case be referred to me for determination of an alternative sanction under Rule 37.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have 14 days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN 14 DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: March 10, 2016

*[signature]*
Hon. Andrew T. Baxter
U.S. Magistrate Judge

---

("The demand that plaintiffs provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit.")