**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JAMIE YOUNG,** *also known as James E. Young*,

                  **Plaintiff,**

  vs.                                          **9:14-CV-1091
                                                   (MAD/ATB)**

**DARWIN LACLAIR,** *Superintendent, Franklin Correctional Facility*; **DR. OLIVEIRA,** *Dentist, Franklin Correctional Facility*; **and DR. DERISSE,** *Dentist, Franklin Correctional Facility*,

                  **Defendants.**
_____

**APPEARANCES:**                            **OF COUNSEL:**

**JAMIE YOUNG
179748**
Suffolk County Correctional Facility
110 Center Drive
Riverhead, New York 11901
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**        **NICOLE E. HAIMSON, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

On September 4, 2014, Plaintiff commenced this civil rights action, alleging that Defendants were deliberately indifferent in violation of the Eighth Amendment. *See* Dkt. No. 1. On February 17, 2015, the Court granted Plaintiff's *in forma pauperis* application, conducted an initial screening of the complaint, and dismissed one named Defendant. *See* Dkt. No. 9. The

three remaining Defendants were served and acknowledged service on April 9, 2015. *See* Dkt. Nos. 13-15.

On August 3, 2015, Defendants served upon Plaintiff a formal Notice of Deposition at his updated mailing address. *See* Dkt. No. 24-3 at ¶ 8. Pursuant to this Notice of Deposition, Plaintiff's deposition was to be conducted on August 25, 2015 at the Office of the New York State Attorney General in Albany, New York at 9:00 a.m. *See id.* Plaintiff failed to appear for the scheduled deposition and failed to notify Defendants that he would be unable to attend. *See id.* at ¶ 14.

On December 1, 2015, Defendants filed a motion for sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure, due to Plaintiff's failure to attend his deposition. *See* Dkt. No. 24. Plaintiff did not respond to the motion. In a Report-Recommendation dated March 10, 2016, Magistrate Judge Baxter recommended that the Court grant Defendants' motion and dismiss the complaint without prejudice. *See* Dkt. No. 27. Neither party objected to the Report-Recommendation.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party declines to file objections or files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Having carefully reviewed the Report-Recommendation and the record in this matter, the Court finds that Magistrate Judge Baxter correctly recommended that the Court should grant Defendants' motion and dismiss this case. Specifically, Magistrate Judge Baxter recommended that the Court dismiss this case "***if plaintiff fails to file meritorious objections to this Report-Recommendation within the time allotted to do so.***" Dkt. No. 27 at 6 (emphasis in original). Magistrate Judge Baxter made this recommendation, after nothing that Plaintiff failed to respond to the pending motion and that Plaintiff failed to communicate with the Court or Defendants in the two months between the return date on the motion and when the Report-Recommendation was issued. *See id.*

Plaintiff has failed to either respond to the pending motion or object to the Report-Recommendation. Plaintiff was clearly instructed that he was required to participate in his

3

deposition and was warned of the consequences of failing to do so. Although dismissal is a harsh sanction, the Court has considered lesser sanctions and finds that no such sanctions would be appropriate. Plaintiff is proceeding *in forma pauperis* and, therefore, monetary sanctions would be ineffective. Moreover, preclusion of Plaintiff's testimony would ultimately result in dismissal given the nature of Plaintiff's claim. In light of these facts, and considering that Plaintiff failed to respond to the pending motion or object to the Report-Recommendation, the Court finds that Magistrate Judge Baxter correctly determined that the Court should grant Defendants' motion and dismiss this case.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Baxter's Report-Recommendation is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Defendants' motion to dismiss (Dkt. No. 24) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 15, 2016
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge